21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raghunandan KHAKNU, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70458.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Decided April 5, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts so we need not state them here.
 
 DISCUSSION
 
 3
 This court reviews the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The BIA's underlying factual determinations are reviewed under the substantial evidence test, id., see also 8 U.S.C. Sec. 1105a(a)(4), as is the BIA's determination that an alien has failed to prove a well-founded fear of persecution. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). Substantial evidence supporting the BIA determination exists unless the evidence presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 112 S.Ct. 812, 815, 817 (1992).
 
 
 4
 Applying these standards to Mr. Khaknu's claims, it is clear the INS properly performed its function in this case. Khaknu's request for asylum form is based on claims that Fijians of Indian-Hindu background are or will be discriminated against. He also mentioned that his brother was arrested and detained for working on Sunday, an official day of rest. Evidence of generalized discrimination against Indians and Hindus absent "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution," is not enough to establish eligibility for asylum. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (internal quotation omitted); see also Martinez-Romero v. INS, 692 F.2d 595 (9th Cir.1982) (general conditions in El Salvador did not, absent particularized circumstances, warrant relief from deportation).
 
 
 5
 The BIA's determination that the Sunday incident did not constitute past persecution is supported by the record. Khaknu does not contend that the Sunday curfew was applied selectively to his brother. An alien may not assert that punishment or prosecution for violation of a law applicable to all people in the country rises to the level of persecution. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (prosecution for distributing films and videos in violations of laws applicable to all people in Iran would not be persecution).
 
 
 6
 At the hearing, Khaknu added a claim that his family's home had been raided and their possessions stolen. However, there was no showing that this was a result of a particularized persecution, and thus this did not support his claim for asylum. See id. The BIA's decision rested on substantial evidence.
 
 
 7
 Since the claim for asylum was properly denied, it follows that Khaknu could not meet the more stringent standard for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 8
 The Petition for Review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3